ACCEPTED
03-15-00657-CV
7803715
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/12/2015 2:58:49 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00657-CV

**IN THE
THIRD COURT OF APPEALS
AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/12/2015 2:58:49 PM
JEFFREY D. KYLE
Clerk

**CHRIS TRAYLOR, EXECUTIVE COMMISSIONER OF TEXAS HEALTH
AND HUMAN SERVICES COMMISSION AND THE TEXAS HEALTH
AND HUMAN SERVICES COMMISSION,
APPELLANTS**

**V.**

**DIANA D., et al
APPELLEES**

**ON APPEAL FROM THE 200TH JUDICIAL DISTRICT COURT,
TRAVIS COUNTY, TEXAS, HON. TIM SULAK, PRESIDING**

**APPLICATION FOR LEAVE TO FILE SUR-REPLY**

**TO THE HONORABLE THIRD COURT OF APPEALS:**

1)      Appellants have filed a "Reply Supporting Rule 24.4 Motion To Vacate Counter-Supersedeas Order Or, In The Alternative, Increase Counter-Supersedeas Bond ("Reply"). The Reply raises new arguments and cites to record contents that were not included the Appellants' Motion. This causes prejudice to Appellees in that it attempts to inject new grounds for the relief requested after Appellees have

filed their response. Accordingly, the Court should grant leave for Appellees to file the following Sur-Reply.

## **SUR-REPLY**

2)    <u>Government Code §531.021 does not grant HHSC the power to ignore its own regulatory rules.</u> For the first time in the Reply, Appellants claim that the rate reductions do not have to comply with its own rules because of the provisions of Texas Government Code §531.021. This argument was never raised in Appellants' Motion and therefore constitutes an improper new ground for relief because each motion must "state with particularity the grounds on which it is based." TRAP 10.1(a)(2).[1] Furthermore, this is an argument on the merits of the interlocutory appeal of the temporary restraining order and should therefore be reserved for consideration on full briefing on the merits. Accordingly, should the Court be inclined to consider this ground for the relief sought in Appellants' Motion, Appellees request that the Court set a briefing schedule so that Appellees may fully respond.

3)    It should be noted, however, that §531.021 is a statute that permits HHSC to adopt regulatory rules to govern procedures for Medicaid rates. Nothing in the statute provides that once HHSC has adopted rules, such as 1 TAC

---

[1] §531.021 was mentioned in the affidavit of Pam McDonald which was attached to Appellants' Motion, but was not referenced as a ground for relief in the Motion. Ms. McDonald's affidavit was filed in the trial court with Appellants' motion to modify the temporary injunction and therefore was not before the trial court at the time of the temporary injunction or the denial of supersedeas.

§355.8021(a)(2)(B), it is then free to ignore such rules when engaging in a Medicaid rate review. Furthermore, it should be noted that the proposed rates at issue expressly stated that they were subject to 1 TAC §355.8021 and never asserted that they were adopted pursuant to any provision of Government Code §531.021. 6 RR at Ex. 1, p.2–3. Finally, contrary to the Reply's claim that these rates constituted an "adjustment" rather than a rate review subject to §355.8021, HHSC's witness testified that the proposed rates were a "periodic rate review" (3 RR 230) which is the language found in §355.8021(a)(2)(B). The Court should disregard the Reply's attempt to characterize the rate reductions as an "adjustment" that is exempt from the requirements of §355.8021(a)(2)(B) because the only evidence presented to the trial court was that this was a periodic rate review, which is subject to §355.8021(a)(2)(B).

4)      The text of Rider 50 explicitly states that rate reductions are only suggested, not mandatory. Section I(A) of the Reply claims that the text of Rider 50 mandates rate cuts on the basis that the words "should be achieved through rate reductions" of Subsection (c) are compulsory, rather than permissive or discretionary. The authorities cited for this proposition are inapposite at best, but even if they were not, the language of Rider 50 is explicit that such rate reductions are not mandatory. Subsection (d) of Rider 50 states: "HHSC shall develop a plan to allocate the reductions required by Subsection (a) of this rider by taking actions

3

such as those <u>suggested under Subsection (b) and (c) of this rider.</u> . . . The plan . . . shall be submitted in writing before December 1, 2015 to the Legislative Budget Board, the Governor, and the Comptroller of Public Accounts." 6 RR at Ex. 9, p. 4 (emphasis added). Because the actions under Subsection (c) are explicitly only "suggested," it is impossible to conclude that the provisions of Subsection (c) regarding rate reductions constitute a compulsory obligation imposed on HHSC by Rider 50. Furthermore, Rider 50 only requires HHSC to submit a plan by December 1, 2015. Clearly this does not constitute a compulsory obligation to implement rate reductions as of October 1, 2015 as claimed by the Reply.

5)     <u>The temporary injunction and the denial of supersedeas do not change Medicaid rates.</u> In its introductory paragraph and in Section II, the Reply claims that this lawsuit is subject to federal preemption because state court remedies that change the amount of Medicaid rates are preempted by federal law. Nothing in the temporary injunction or the denial of supersedeas changes any Medicaid rates. Nowhere in the temporary injunction or the denial of supersedeas is there any assertion of a "statutory right to have courts impose particular Medicaid rates." (Reply, §II(B)). The temporary injunction merely prohibits implementation of rates promulgated in violation of HHSC's own rules and requires HHSC to follow its own rules before promulgating new rates. Because the temporary injunction and the denial of supersedeas do not change Medicaid rates, the Court should

disregard Appellants' claim that the trial court's remedy constitutes a change in Medicaid rates.

6)      *El Paso Hospital District* requires HHSC to comply with its own rules and the APA when making Medicaid reimbursement decisions.  Contrary to the claims of the Reply, nothing in this case involves a state court implementing a change in Medicaid rates.  This case merely stands for the unremarkable proposition that HHSC is required to follow state law and its own regulatory rules when it makes decisions.  This has been explicitly approved by the Texas Supreme Court in *El Paso Hosp. Dist. v. Tex. Health & Human Servs. Comm'n*, 247 S.W.3d 709 (Tex. 2008), which held that when HHSC adopts Medicaid reimbursement rates, it is required to either follow its own rules or adopt new rules in accordance with the Administrative Procedures Act ("APA").  There is no dispute in this case that in promulgating the proposed rate reductions, HHSC did not follow its own rules and did not adopt new rules as required by the APA.  Therefore Texas law clearly provides for a remedy, which does not include changing Medicaid rates, but merely prohibits the improper attempt to implement rate reductions promulgated in violation of HHSC rules.

7)      There are no changed circumstances.  Section III(B) of the Reply includes another new ground for relief that was not included in Appellants' Motion because it claims that comments by the trial judge during a hearing on Appellants' Motion

5

to Modify constitute "changed circumstances" under TRAP 24.4(b). TRAP 10.1(a)(2) requires a motion to state with particularity the grounds on which it is based. This alleged "changed circumstance" was not stated in Appellants' Motion, nor could it have been because the hearing at issue occurred after Appellants' filed their Motion. Accordingly, the Court should disregard this attempt to state new grounds for relief set forth in the Reply. Alternatively, should the Court believe this ground requires any consideration then Appellees request that the Court set a briefing schedule so that Appellees may fully respond to the claimed ground for relief.

8) It should be noted, however, that the outcome of the hearing on the Appellants' Motion to Modify was that the trial judge did not modify the temporary injunction or the denial of supersedeas, therefore nothing actually changed as a result of the hearing. It is nonsensical for Appellants to claim that changed circumstances can be the result of a hearing in which nothing was changed.

9) To the extent that Appellants claim that the statements of the trial judge during the hearing constitute a ground for relief from the denial of supersedeas, only the written language of the temporary injunction and the denial of supersedeas are binding on the parties. No oral statement by a trial judge can alter such written orders. Furthermore, the statements in the supplemental record cited by Appellants

6

do not state that the scope of the temporary injunction will be made clear in subsequent proceedings. The trial judge merely stated that if the parties have a dispute about whether an action or proposed action violates the temporary injunction, the trial court would be required to resolve the dispute. Supp. RR 36-38. This is nothing other than a recitation of the trial court's duties in the resolution of any dispute. Accordingly, the claim that there are changed circumstances justifying this Court's intervention is without basis, and the Court should ignore the claim of changed circumstances in the Reply.

10)    Government Code §402.004 does not exempt the State from the rules of procedure. "The Texas Supreme Court has made clear that, when the state becomes a litigant in the courts, it is bound by the same rules of procedure that bind all other litigants, except where special provision is made to the contrary. . . . We hold that section 402.004 is not a 'provision to the contrary' exempting [the state] from compliance with the procedural rules." *Carrasco v. Tex. Transp. Inst.*, 908 S.W.2d 575, 578 (Tex. App.—Waco 1995, no writ) (internal cites omitted). TRAP 33.1(a)(1) requires that all errors be preserved in the trial court as a prerequisite to appellate review, and Government Code §402.004 does not exempt the State from compliance with this rule. Accordingly, the Court should decline to consider relief requested in Appellants' Motion and Reply without a demonstration that Appellants requested that relief from the trial court. If the State believes the bond

7

for denial of supersedeas should be changed, then the State should file a motion to modify in the trial court and only come to this Court if it is unsatisfied with the outcome of that motion.

11)    Conclusion.  The Reply makes several attempts to assert new grounds for relief that were not included in Appellants' Motion, therefore the Court should grant leave to file this Sur-Reply.  If the Court has any inclination to consider the new grounds set forth in the Reply, then the Court should set a new briefing schedule to permit Appellees to fully respond.  Appellants' arguments for vacating the denial of supersedeas fail because: a) the proposed rates are "periodic rate reviews" subject to 1 TAC §355.8021(a)(2)(B) and not "adjustments"; b) the language of Rider 50 explicitly provides that the rate reductions are merely "suggested" and not compulsory; c) the temporary injunction and denial of supersedeas only prohibit HHSC acting in violation of state law and do not impose or change any Medicaid rates; d) there are no changed circumstances for appellate review; and e) Government Code §402.004 does not exempt Appellants from the rules of procedure, including TRAP 33.1(a)(1),  which requires preservation of error as a prerequisite for appellate review.  Accordingly, Appellees request that the Appellants' Motion be denied.

Respectfully submitted,

**RICHARDS RODRIGUEZ & SKEITH, LLP**
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Telephone: 512-476-0005
Facsimile:  512-476-1513

By:   /s/ Daniel R. Richards_____
DANIEL R. RICHARDS
State Bar No. 00791520
drichards@rrsfirm.com
BENJAMIN H. HATHAWAY
State Bar No. 09224500
bhathaway@rrsfirm.com
CLARK RICHARDS
State Bar No. 90001613
crichards@rrsfirm.com
CHASE C. HAMILTON
State Bar No. 24059881
chamilton@rrsfirm.com

**ATTORNEYS FOR APPELLEES**


## CERTIFICATE OF CONFERENCE

Pursuant to Tex. App. R. 10.1(a)(5), I hereby certify that I have conferred with counsel for Appellants and Appellants do not oppose this Application for Leave to File Sur-Reply.

/s/ Daniel R. Richards_____
**DANIEL R. RICHARDS**

9

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been delivered to the following counsel of records on this, the 12th day of November 2015 by electronic notification and e-mail:

Kristofer S. Monson
Assistant Solicitor General
Office of the Attorney General of Texas
P.O. Box 12548, (MC 059)
Austin, Texas 78711-2548
Kristofer.monson@texasattorneygeneral.gov


/s/ Daniel R. Richards_____
**DANIEL R. RICHARDS**